# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Termano, LLC | ) | Chief Judge Carol A. Doyle |
|     Debtor and Debtor in Possession | ) | |
| | ) | Case No. 09-08457 |
| ------------------------------------------------- | ) | |
| | ) | |
| Termano, LLC | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | Adversary No. _____ |
| | ) | |
| Alan Lambert | ) | |
|     Defendant. | ) | |

**COMPLAINT SEEKING RECOVERY OF MONEY OR PROPERTY OF THE DEBTOR'S ESTATE**

Now Comes Termano, LLC by and through its attorneys, Forrest L. Ingram, P.C., and seeks to return money or property to the Debtor pursuant to Federal Rule of Bankruptcy Procedure 7001(1) sections 541(a)(1) and 542(b) of the Bankruptcy Code based upon the following allegations:

1. This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and venue of this adversary proceeding is which this Court pursuant to 28 U.S.C. § 1408 in that the Defendant is a debtor in the above captioned bankruptcy proceeding and a resident of the State of Illinois. This complaint is brought pursuant to Federal Rule of Bankruptcy Procedure 7001(1) sections 541(a)(1) and 542(b) of the Bankruptcy Code.

2. Termano, LLC (the "Debtor") is a manager and rehabber of residential rental property.

3. Prior to 2007, the Debtor purchased two pieces of real estate: 904 N. Broadway Ave., Urbana, IL and 908 N. Broadway Ave., Urbana, IL (collectively referred to as the "Properties"). The Properties are residential apartment buildings.

4. The Debtor purchased the buildings, continued to rent those apartments which were under lease, and proceeded to rehab unoccupied units. Once the unoccupied units were rehabbed, they would be sold as condominiums.

5. Because the buildings were originally owned by a single entity and leased to residents, the buildings had unified real estate property identification numbers ("PIN Numbers"). Three PIN Numbers were used to asses real estate taxes against the owner of the Properties: 91-21-08-257-004, 91-21-08-257-002, and 91-21-08-257-006.

6. Because real estate taxes were being assessed using the above unified PIN Numbers, the Debtor paid all real estate taxes due for the Properties in 2007. The total real estate tax bill for 2007 was $90,025.91. In the 2008 tax year, these unified PIN numbers were discarded and individual PIN numbers were assigned to each unit.

7. In 2007, a number of units were rehabbed and sold. Each unit that was sold in 2007 was sold with the provision that the unit buyer would be responsible for their pro rata share of the 2007 real estate taxes.

8. On Friday, April 27, 2007 Alan Lambert (the "Defendant") purchased 908 N. Broadway Ave., Unit 408. Unit 408 is .926% of the total units found in the Properties. That percentage of ownership, pro rated for the 249 days of ownership in 2007, entitled the Debtor to a reimbursement of $570.21.

9. Pursuant to 11 U.S.C. § 541(a)(1) the estate of the debtor is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. This provision

is broadly interpreted to include any legally enforceable right of the debtor. *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983). The Seventh Circuit has stated that "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541. *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). While state law defines the debtor's property interests, weather a debtor's particular interest is property of the estate under § 541 is a question of federal law. *Fisher v. Apostolou*, 155 F.3d 876, 880 (7th Cir. 1998).

10. Pursuant to 11 U.S.C. § 542(b), an entity that owes a debt that is property of the estate shall pay such debt to the trustee of the bankruptcy estate, in this case the Debtor in possession, Termano, LLC.

WHEREFORE, Debtor and Debtor in Possession Termano, LLC prays for relief on this complaint against Defendant Alan Lambert for a judgment in the amount of $570.21, and for such other relief as this Court may deem just.

Respectfully submitted,

                                      Termano, LLC

                             By:    __/s/ Philip Groben__
                                       One of its attorneys

Forrest L. Ingram, #3129032
Philip Groben
Michael Ohlman
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838